## CIRCUIT COURT OF WASHINGTON COUNTY

Underwood

v.

Bailey

December 17, 1992

Case No. (Law) 92–93

BY JUDGE CHARLES H. SMITH, JR.

This matter is pending before the court for ruling upon the defendant's amended demurrer to the plaintiff's pleadings. A hearing was conducted on October 20, 1992, at which time counsel argued their respective positions. At the conclusion of the hearing, the court requested counsel to submit written memoranda. I have reviewed the memoranda along with the pleadings and authorities cited and considered all of same in light of counsel's arguments.

The plaintiff filed this motion for judgment on March 27, 1992, seeking damages for injuries allegedly sustained as a result of a fall suffered at the defendant's residence. Among other things, the plaintiff contends that the defendant owed her a duty to take reasonable care to make her premises safe for the visit or to warn the plaintiff of any defects known to the defendant to exist. The defendant has demurred to these pleadings stating that the allegations of the motion for judgment do not state a cause of action cognizable under existing Virginia law.

The factual allegations of the motion for judgment, for purposes of the demurrer, are admitted. The plaintiff herein was invited to the defendant's residence on April 27, 1991, to pick up a newspaper. Upon leaving the defendant's residence, the plaintiff crossed the front porch and in attempting to negotiate the steps, which were wet, slipped and fell to the ground. The steps contained no guardrails.

The prevailing common law view as enunciated in the case of *Bradshaw v. Minter*, 206 Va. 450, 143 S.E.2d 827 (1965), and relied upon by the plaintiff, is as follows:

> The prevailing common law view is that a social guest, however cordially he may have been invited and urged to come, is not at law an invitee but is nothing more than a licensee, to whom the possessor of land owes no duty of inspection and affirmative care to make the premises safe for his visit . . . . The great weight of Anglo-American authority classifies him as a bare licensee, even though he was expressly invited.

The general rule and that adopted in Virginia is that the owner or occupant of land has no duty to keep his premises in a safe and suitable manner for the use of a licensee and that so far as the *condition of the premises* is concerned, the owner or occupant is liable only for any willful or wanton injury that may be done to him. *Ibid.* p. 829. To this general rule, two well-recognized exceptions have been carved out. The first is exemplified by the case of *Bradshaw v. Minter* relied upon by the plaintiff herein. In the *Bradshaw* case, the landowner allowed an unskilled rider to ride alone on a spirited horse of his without inquiring as to her skills or giving her directions as to how she should manage the horse. The horse had a known propensity for running away. The exception to the rule as enunciated in that case is as follows:

> A different rule applies where a guest is injured by reason of the activities of the host which may constitute active or affirmative negligence as distinguished from passive negligence, that is, the condition of the premises. Where the activities of the host are involved, the tests should be one of reasonable care under the circumstances . . . .
>
> [I]n cases involving injury resulting from *active conduct* (emphasis original), as distinguished from conditions of the premises, the landlord or possessor may be liable for failure to exercise ordinary care towards a licensee whose presence on the land is known or should reasonably be known to the owner or possessor.

The second exception to the rule is exemplified in the case of *Busch v. Gaglio*, 207 Va. 343, 150 S.E.2d 110 (1966), cited and relied upon by the plaintiff. That case involved a social guest whose leg was impaled upon the sharp edge of a metal pipe which the defendant had driven into his lawn. The condition was unknown to the plaintiff, and she could not have observed it since her injury oc-

curred after dark. The exception to the rule as enunciated in that case is as follows:

> A possessor of land is liable for bodily harm caused to a gratuitous licensee by a natural or artificial condition thereon, only if the possessor knows of the condition and realizes that it involves an unreasonable risk to the licensee and has reason to believe that the licensee will not discover the condition or realize the risk and permits him to enter or remain on the land without exercising reasonable care to make the condition reasonably safe or to warn him of the condition and risk involved . . . .

The case at bar is not pleaded as an "active conduct" case. The defendant was not engaged in any activity upon his property at the time of the plaintiff's visit which involved or posed any threat of danger to the plaintiff. The case at bar is not pleaded as one involving a latent defect known to the landowner to pose an unreasonable risk of danger to his guest and one which his guest would not likely discover or realize the risk involved.

The case at bar, as framed by the allegations in the motion for judgment, is purely a "condition of the premises" case. The defect, if any, to the premises was open and obvious to the plaintiff when he entered as well as when he was leaving the property. As such, the only duty owed him by the defendant was to refrain from willful or wanton injury, and this is not alleged.

For the foregoing reasons, the court will sustain the demurrer.